| | | |
|---|---|---|
| STATE OF INDIANA | ) | LAKE _____ COURT |
| | ) SS: | ROOM NUMBER _____ |
| COUNTY OF LAKE | ) | _____, INDIANA |

FILED IN CLERK'S OFFICE
2015 JUN 19 AM 9 05
MICHAEL _____
CLERK LAKE _____ COURT

JA'LIN WILLIAMS,       )
                       )
    Plaintiff,         )
                       )          45D04 1506 CT 00113
v.                     )   Cause No.:
                       )
NORFOLK SOUTHERN       )
CORPORATION and NORFOLK)
SOUTHERN RAILWAY COMPANY,)
                       )
    Defendants.        )

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now the plaintiff, Ja' Lin Williams, by counsel, Kevin C. Smith and Steven J. Sersic of Smith Sersic, and for his cause of action against the defendants Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively referred to as "Norfolk") alleges as follows:

1. That the plaintiff, Ja'Lin Williams (hereinafter referred to as "Ja'Lin"), is and was at all relevant times an adult and a resident of Lake County, Indiana.

2. That the defendants are domestic and foreign corporations doing business in the State of Indiana.

3. That the defendants owned and operated a freight train (hereinafter referred to as the "Norfolk Freight Train") which its employees operated in an westbound direction on its track at or near Railroad Crossing No. 156098N located at or near 117th Street in Whiting, Lake County, Indiana (hereinafter referred to as "the Collision Crossing") in the early morning hours of June 23, 2013.

**EXHIBIT A**

4. That at or near said date and time, the Norfolk Freight Train collided with Ja'Lin as he attempted to cross the Collision Crossing from the north (lakeside) of the Collision Crossing to the south (city side) of the Collision Crossing.

5. That at all relevant times prior to June 23, 2013, Norfolk knew or should have known that the Collision Crossing posed a special and particular danger to pedestrians, particularly pedestrians crossing in a southbound direction from the Collision Crossing's north to its south.

6. That the facts which put Norfolk on notice of the special and particular danger of the collision crossing to southbound pedestrians included but are not limited to:

   a. There is a beach/recreational area to the north of the Collision Crossing and Norfolk knew or should have known that pedestrians, including teenagers and young people, would frequently use the Collision Crossing to come back to the residential areas located to the Collision Crossing's south from the beach located to its north.

   b. Coming from the north to the south, there are two (2) sets of tracks before one arrives at the third set of tracks, the third set of tracks constituting the Collision Crossing.

   c. Both of the two sets of tracks north of the Collision Crossing tracks have alarms and/or gates that alert traffic coming from the north to the south of approaching trains.

   d. However, there was no warning of any kind directed at pedestrians or anyone else, after encountering the two sets of tracks before the Collision Crossing and before entering the Collision Crossing itself.

   e. Therefore, pedestrians, such as Ja' Lin, coming south from the beach toward the residential area of Whiting, would be exposed to a substantial risk of being lulled, fooled, or tricked into the false belief that a train actually approaching them on the Collision Crossing tracks was behind them, as the two sets of crossings north of the

Collision Crossing had warning lights and/or devices and the tracks at the Collision Crossing had no warning devices or lights of any kind for southbound pedestrians.

7. That Norfolk and its employees knew or should have known that pedestrians attempting to cross the Collision Crossing coming from north to south could be lulled, fooled or tricked into a false sense that there was no train on the Collision Crossing and/or that pedestrians could falsely believe that a train headed for them on the Collision Crossing was on one of the two sets of tracks to the north of the Collision Crossing.

8. That Norfolk had a duty of care to Ja'Lin, the requirements of which included, but were not limited to:

   a. The duty or requirement to keep a proper look out or slow or stop the train to avoid collision when circumstances so dictate;

   b. The duty or requirement to meet all statutes and regulations for safety, self-imposed and otherwise;

   c. The duty or requirement to properly and adequately warn pedestrians or other traffic approaching from the north of the Collision Crossing to the south of the Collision Crossing of approaching trains;

   d. The duty or requirement to take into consideration that pedestrians attempting to cross the Collision Crossing from north to south could be lulled into a false sense that there was no train at the Collision Crossing and/or that they could be lulled into a false sense or belief that a train heading for the Collision Crossing was actually on one of the sets of tracks immediately to the north of the Collision Crossing; and

   e. The duty to otherwise exercise due care for pedestrians and others utilizing the Collision Crossing.

9. That Norfolk's breach of its duty to the plaintiff included, but is not limited

to, its failure or breach of each and every duty or requirement listed *supra*.

10. As a proximate result of said breach, the plaintiff was damaged, sustained severe physical injuries and emotional trauma, and incurred medical and was otherwise damaged.

WHEREFORE, the plaintiff prays for judgment against the defendants in an amount which will reasonably compensate him, plus costs, including attorneys for any frivolously asserted affirmative defenses, prejudgment interest and any other proper relief.

_____
Steven J. Sersic, #18151-45
SMITH SERSIC
Attorney for Plaintiff

JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

_____
Steven J. Sersic, #18151-45
SMITH SERSIC
9301 Calumet Avenue, Suite 1F
Munster, IN 46321
(219) 933-7600
Attorney for Plaintiff